**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DAN OLIVA, | Case No. 2:22-cv-01844-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| SAFECO INSURANCE OF AMERICA, | |
| Defendant. | |

Before the Court is Defendant Safeco Insurance of America's Motion to Set Case for Jury Trial (ECF No. 36). In its motion, Defendant seeks a confirmation from the Court that this matter should be set for a jury trial. For the foregoing reasons, the motion is granted.

The Seventh Amendment protects the right to a civil jury trial. U.S. Const. amend VII. The procedure for making a jury demand is governed by Federal Rule of Civil Procedure 38 and Local Rule 38-1. Federal Rule of Civil Procedure 38 sets forth the requirement for making a jury demand and provides in the relevant part:

> (b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand—which may be included in the pleadings—no later than 14 days after the last pleading directed to the issue is served . . . .
>
> (d) Waiver; Withdrawal. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

In this district, Local Rule 38-1 further provides that "[w]hen a party demands a jury trial in a pleading under Fed. R. Civ. P. 38(b), the words 'JURY DEMAND' must be typed or printed in capital letters on the first page immediately below the title of the pleading." The Ninth Circuit has explained that "[b]ecause the right to a jury trial is a fundamental right guaranteed to our

citizenry by the Constitution, courts should indulge every reasonable presumption against waiver." Pradier v. Elespuru, 641 F.2d 808, 811 (9th Cir. 1981).

The Court finds the following from the record. On November 2, 2022, Defendant filed a Petition for Removal in this Court. ECF No. 1. Plaintiff's attached complaint makes no jury demand. ECF No. 1-2. Six days later, Defendant filed a motion to dismiss. ECF No. 5. On December 1, 2022, Plaintiff filed a response. ECF No. 7. This response includes the first mentions of a jury, with passing references to what a "jury may reasonably conclude."[1] Id. At a July 25, 2023, hearing, the Court granted the motion to dismiss. ECF No. 18. On August 29, 2023, Plaintiff filed the operative Second Amended Complaint. ECF No. 19. Again, no jury demand was included. Id. On September 5, 2023, Defendant responded with its first Answer. ECF No. 20. While the Answer includes a jury demand, Defendant did not comply with Local Rule Local Rule 38-1 by including a notice of the demand on the cover page. Id.

The Court finds that there was no waiver of Defendant's jury right. Where a "demand for a jury trial [has] been properly made under" Rule 38(b), "the failure to fulfill an additional requirement of a local rule to place a notification not that effect in the title cannot constitute waiver of a trial by jury." Pradier, 641 F.2d at 811. The Answer and its attendant jury demand was timely filed pursuant to Rule 38(b). Therefore, regardless of Defendant's failure to comply with the local rules, its right to a jury was preserved. The Court reminds the Parties of the importance of following all applicable rules and procedures. As demonstrated here, the failure to do so may create avoidable delays in the administration of the trial process.

For the foregoing reasons, **IT IS ORDERED** that the Motion to Set Case for Jury Trial (ECF No. 36) is **GRANTED**. The Court clarifies that this matter is to be set for a jury trial.

**IT IS FURTHER ORDERED** that the Proposed Joint Pretrial Order (ECF No. 35) is **DENIED without prejudice** as moot. The Parties will submit on or before January 1, 2025, a new Joint Pretrial Order including at least four (4) proposed dates for a jury trial in the last quarter of 2025 or first quarter of 2026.

---

[1] These statements largely are quoting case law where the term "jury" is used as a substitute for "finder of fact," rather than a specific request for a jury trial.

**IT IS FURTHER ORDERED** that the Parties are admonished to timely follow all relevant rules—including all local rules—in proceedings before this Court.

**DATED:** December 13, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**